UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL GRESHAM,

        Plaintiff,

v.

ERNST CHRISTIAN GAUDERER et al.,

        Defendants.
_____/

Case No. 1:19-cv-0802

Honorable Paul L. Maloney

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. The Court initially granted leaved to proceed *in forma pauperis*. However, upon further review, the Court concludes that Plaintiff has not alleged facts sufficient for an imminent danger exception. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court therefore will vacate the earlier order allowing Plaintiff to proceed *in forma pauperis* and order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In eight of his cases, all of his claims were dismissed because they were frivolous, malicious or failed to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). Plaintiff also has been denied leave to proceed in forma pauperis in numerous cases. *See Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard et al.*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen et al.*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin et al.*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader et al.*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Prelesnik et al.*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop et al.*, No. 1:12-cv494 (W.D. Mich. June 18, 2012); *Gresham v. Heyns et al.*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder et al.*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich.

Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis et al. v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which

4

the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff has alleged that MDOC medical staff require that he take "Prolixin, Amandantin[e], & [A]rtane." (Compl., ECF No. 1, PageID.4.) Plaintiff asserts that this drug cocktail has several side effects that are harmful. Thus, Plaintiff has sought leave to proceed *in forma pauperis*, alleging that the continued threat he faces from these side effects has put him in imminent danger of a serious physical injury.

The Sixth Circuit, however, has recently held otherwise. *See Gresham v. Meden*, 938 F.3d 847 (6th Cir. 2019). While reviewing virtually identical facts in an earlier case filed by Plaintiff, the Sixth Circuit articulated the standard: "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. For example, "impending 'amputations and potential[] coma or death'" satisfy the exception. *Id. (quoting Vandiver*, 727 F.3d at 587). However, pointing to a similar line the Seventh Circuit has drawn, "temporary breathing struggles" are not serious enough. *Id.* (citing *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017)). Moreover, where a prisoner complains of medical side effects experienced while under medical supervision, he must show how the side effects will lead to death or severe bodily harm despite the medical supervision. *See id.* at 850.

Similar to the instant case, in Plaintiff's earlier case he had alleged he was in imminent danger from the side effects he faced while taking Prolixin. Applying the standard to Plaintiff's earlier case, the Sixth Circuit determined that his "alleged injuries," resulting from Prolixin, "do not meet [the imminent danger of serious physical injury] exception" to the three-strikes rule. *Id.*

5

Here, Plaintiff's alleged side effects to Prolixin again fail to satisfy the imminent danger of serious physical injury standard. Many of the side effects Plaintiff identifies were alleged in his earlier case and held by the Sixth Circuit to fail the imminent danger exception, thus precluding them from review by the Court.

To be sure, Plaintiff alleges several new side effects he suffers, but these new side effects are "typically temporary and rarely life threatening." *Id.* at 850. Plaintiff alleges the medications make it difficult and painful to walk. Plaintiff also points to his difficulties breathing, which were not identified in his earlier case. But temporary breathing struggles do not satisfy the exception. *See id.* (citing *Sanders*, 873 F.3d at 960). This is especially true, as is the situation here, "where the antipsychotic medication is given under the watch of medical professionals." *Id.* Clearly, none of Plaintiff's side effects suggest he risks impending amputation, potential coma or death. Thus, Plaintiff has not alleged facts that show he suffers from imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. In light of the foregoing, the Court's October 30, 2019, order granting leave to proceed *in forma pauperis* will be vacated as improvidently granted. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

If Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.

Dated:   November 15, 2019            /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**